UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STRIKE 3 HOLDINGS, LLC, a limited
liability company,

    Plaintiff,

v.                                             Case No.:   2:19-cv-142-FtM-38MRM

JOHN DOE,

    Defendant.
_____/

## ORDER

Pending before the Court is Plaintiff Strike 3 Holdings, LLC's Motion for Leave to Serve a Third-Party Subpoena Prior to Rule 26(f) Conference, filed on March 27, 2019.  (Doc. 8). Plaintiff alleges a copyright infringement of Plaintiff's motion pictures by an unnamed Defendant.  (Doc. 1 at 1).  In the Motion *sub judice* Plaintiff seeks to serve a third-party subpoena on Doe Defendant's internet service provider, Comcast Cable Communications, LLC, to "learn Defendant's identity, investigate Defendant's role in the infringement, and if warranted by the investigation, effectuate service."  (Doc. 8 at 3).

As background, Plaintiff is an adult film production company owning award-winning adult motion pictures.  (Doc. 1 at 1).  Plaintiff alleges that Defendant is using BitTorrent protocol, a file sharing program, to illegally download and distribute Plaintiff's films without its permission and, thus, is infringing on Plaintiff's copyright.  (*Id.* at 6).  In support, Plaintiff contends that it used an investigator to establish direct connections with Defendant's IP address while Defendant utilized the BitTorrent file to download one or more of Plaintiff's films.  (*Id.*). Defendant then allegedly copied and distributed a complete copy of Plaintiff's film without its permission.  (*Id.*).

In the Motion *sub judice*, Plaintiff contends that it only has Defendant's IP address and that the only party that has the information correlating the IP address with Defendant's identity is the internet service provider. (Doc. 8 at 2). Thus, Plaintiff argues that the subpoena is necessary to obtain Defendant's name and address. (*See id.* at 3).

Pursuant to M.D. Fla. R. 3.05(c)(2)(B), discovery is normally not permitted prior to the case management meeting. Further, Fed. R. Civ. P. 26(d)(1) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." The Court may permit expedited discovery prior to the discovery conference when good cause is shown. *Manny Film LLC v. Doe*, No. 8:15-cv-507-T-36EAJ, 2015 WL 12850566, at *1 (M.D. Fla. May 18, 2015). In determining whether good cause exists in cases involving infringement through the internet, courts consider factors such as: "the concreteness of the plaintiff's prima facie case of infringement; the specificity of the discovery request; the absence of alternative means to obtain the subpoenaed information; and the need for the subpoenaed information to advance the claim." *Id.* (citing *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010)). The Court considers each factor in turn to determine if good cause exists to permit expedited discovery.

First, the Court considers the concreteness of Plaintiff's *prima facie* case. To state a claim for copyright infringement, Plaintiff must allege "(1) ownership of a valid copyright[] and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991) (citing *Harper & Row Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 548 (1985)). Plaintiff contends that it stated a claim for copyright infringement in its Complaint by alleging that "Plaintiff is the owner of the Works, which [are]

2

an original work of authorship, . . . [that D]efendant copied and distributed the constituent elements of Plaintiff's Works using the BitTorrent protocol," and that Plaintiff never authorized or consented to Defendant's distribution. (Doc. 8 at 7-8 (first alteration in original) (quoting Doc. 1 ¶¶ 35-37)). Plaintiff argues that these allegations are supported by Plaintiff's investigator and that each file has been verified to be a copy of Plaintiff's copyrighted works. (*Id.* at 8). Additionally, Plaintiff contends that it "owns a valid copyright in the Works, which are registered with the United States Copyright Office." (*Id.*). Upon consideration of Plaintiff's arguments and the Complaint, the Court finds that Plaintiff has made a concrete, *prima facie* claim for infringement.

Additionally, the Court finds that Plaintiff's request is specific because Plaintiff's subpoena "will only demand the true name and address of Defendant." (*Id.* at 3). Indeed, a request is specific when limited to only the basic information such as name and address. *Manny Film LLC*, 2015 WL 12850566, at *2.

As to the third factor, whether there are alternative means to obtain the information, Plaintiff essentially argues that when people use the internet, only the IP address is discoverable and that only the internet service provider can match the IP address with the individual because "there is no public registry of what IP addresses correspond to which subscribers." (*See* Doc. 8 at 9-10). Additionally, Plaintiff contends that the internet service providers do not retain the user activity log for an extended period of time. (*Id.* at 10). Thus, Plaintiff argues that if it cannot subpoena Comcast, it will lose its ability to uncover Defendant's identity. (*Id.*). The Court finds that due to the nature of IP addresses, there is no other means by which Plaintiff could discover Defendant's identity.

With regard to the final factor, whether the information is necessary to advance the claim, Plaintiff argues that it "cannot properly serve Doe Defendant without first ascertaining the subscriber's identity from his or her" internet service provider. (*Id.* at 11). Plaintiff appears to contend that this information advances its claim because it is essential to its ability to pursue this litigation. (*See id.*). The Court finds that Defendant's name and address are necessary to advancing Plaintiff's claim because Plaintiff has alleged a *prima facie* case of infringement but needs Defendant's identity to pursue it and that the third-party subpoena is the only way to obtain this information.

In sum, Plaintiff has shown that it has established a *prima facie* case for infringement, (*id.* at 7-8), and that it cannot identify Defendant without the internet service provider, (*id.* at 11). Moreover, a Rule 26 Conference cannot take place until the identity of Defendant is known and Defendant has been served. Plaintiff has, therefore, shown good cause to conduct limited discovery prior to a Rule 26 Conference. *See, e.g.*, *Manny Film LLC*, 2015 WL 12850566, at *1; *Malibu Media, LLC v. Doe*, No. 2:13-cv-8-FtM-38DNF, Doc. 5, (M.D. Fla. Jan. 9, 2014). The Court will allow Plaintiff to conduct limited discovery by serving a subpoena on the internet service provider to determine the name and address of Defendant to whom the internet service provider assigned an IP address as set forth in Exhibit A to the Complaint (Doc. 1-1) or any other service provider that is later identified in response to this initial subpoena.

As a final matter, the Court finds that due to the nature of the case, certain procedural safeguards are warranted. As noted in *Manny Film LLC v. Doe*, No. 8:15-cv-507-T-36EAJ, 2015 WL 12850566, at *2 (M.D. Fla. May 18, 2015):

> [T]he individual who pays for internet access at a given IP address may not be the same individual who engaged in the infringing activity. There is a risk that a non-infringing party could be identified and served. . . . "By defining Doe Defendants as ISP

4

>subscribers who were assigned certain IP addresses, instead of the actual Internet users who allegedly engaged in infringing activity, Plaintiff's sought-after discovery has the potential to draw numerous innocent internet users into the litigation, placing a burden upon them that weighs against allowing the discovery as designed." At the same time, the privacy concerns of non-infringers are not sufficient to deny Plaintiff access to the discovery sought because, without it, Plaintiff cannot proceed with its case. Therefore, certain procedural protections are warranted before any identifying information is made public.

*Id.* (quoting *SBO Pictures, Inc. v. Does 1-3036*, No. 11-4220 SC, 2011 WL 6002620, at *3 (N.D. Cal. Nov. 30, 2011)). The Court finds *Manny Film LLC* instructive and adopts the procedural safeguards outlined in that case. *Id.* at *2-3 (citing *Malibu Media, LLC v. Does 1-22*, No. 8:12-cv-1074-T-23AEP, Doc. 13, (M.D. Fla. July 9, 2012); *In re BitTorrent Adult Film Copyright Infringement Cases*, 296 F.R.D. 80, 92 (E.D.N.Y.), *report and recommendation adopted sub nom.*, *Patrick Collins, Inc. v. Doe 1*, 288 F.R.D. 233 (E.D.N.Y. 2012)).

Accordingly, the Court hereby **ORDERS** that:

1) Plaintiff's Motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference (Doc. 8) is **GRANTED**.

2) Plaintiff is permitted limited discovery to serve a subpoena to determine the name and address of the Defendant to whom the internet service provider assigned an IP address as set forth in (Doc. 1-1) or any other service provider that is later identified in response to this initial subpoena.

3) Plaintiff shall attach a copy of this Order with the subpoena, and if the internet service provider qualifies as a "cable operator" as defined in 47 U.S.C. § 522(5), then this Order shall be considered an appropriate court order under 47 U.S.C. § 551.

4) Any internet service provider that receives a subpoena pursuant to this Order shall not assess any charge to Plaintiff in advance of providing the information requested in the

5

subpoena. However, an internet service provider may elect to charge a reasonable amount for the costs of production.

5) Any internet service provider that receives a subpoena shall preserve all subpoenaed information pending the internet service provider delivering such information to Plaintiff or the final resolution of a motion to quash the subpoena.

6) Any information disclosed to Plaintiff in response to a subpoena may be used by Plaintiff solely for the purposes of protecting and enforcing Plaintiff's rights as set forth in its Complaint.

7) The applicable internet service provider shall withhold the identifying information of any person who files a motion to quash the subpoena until the motion is resolved and the Court enters an order authorizing the disclosure.

8) Plaintiff shall adhere to the following procedures:

   a. In all written or oral communications with Defendant, Plaintiff's attorneys shall identify themselves as representing Plaintiff and not representing the interests of Defendant and must inform Defendant that any statements made by Defendant may be used against Defendant;

   b. If Defendant contacts Plaintiff, Plaintiff shall inform Defendant of Defendant's right to hire legal counsel to represent Defendant in this matter;

   c. At any time, Defendant may inform Plaintiff by phone or written communication that Defendant does not want any further communications with Plaintiff until Plaintiff serves Defendant in this matter;

   d. Plaintiff must notify in writing Defendant, or, if represented, Defendant's counsel, of Plaintiff's intent to name and serve Defendant at least fourteen

(14) days prior to seeking issuance of a summons from the Clerk for the identified Defendant.

**DONE AND ORDERED** in Fort Myers, Florida on April 9, 2019.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties