UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO. 19-CV-142-SPC-MRM

STRIKE 3 HOLDINGS, LLC, a limited liability company,

        Plaintiff,

v.

JOHN DOE subscriber assigned IP address 174.63.150.232, an individual,

        Defendant.

**OBJECTION TO SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN CIVIL ACTION ISSUED TO COMCAST CABLE COMMUNICATIONS, INC.; MOTION TO QUASH SUBPOENA; AND, IN THE ALTERNATIVE, MOTION FOR PROTECTION AND LEAVE TO FILE UNDER SEAL**

COMES NOW John Doe Subscriber assigned IP address 174.63.150.232 ("John Doe") and pursuant to FED. R. CIV. 45(d), files this (1) Objection to the "Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises In a Civil Action" ("Subpoena") to Comcast Cable Communications ("Comcast"); (2) Motion to Quash Subpoena; and (3) in the alternative, a Motion for Protection and Leave to File Under Seal.

## **FACTS**

1.    On March 7, 2019, Plaintiff Strike 3 Holdings, LLC ("Plaintiff") filed a Complaint in the Middle District of Florida.

2.    On March 27, 2019, Plaintiff moved for leave to file third-party subpoena prior to the Rule 26(f) Conference.

3. On April 9, 2019, the Court signed a seven-page Order that granted Plaintiff the relief that it requested.

4. On April 23, 2019, John Doe Subscriber was served with notice that Comcast had received a Subpoena from Plaintiff requesting to release John Doe Subscriber's name and address.

5. Comcast sent notice to John Doe Subscriber that any Objection should be lodged by May 14, 2019.

6. John Doe Subscriber hereby objects to the release by Comcast of personal information to Plaintiff.

## **LEGAL STANDARD**

Pursuant to Rule 45(d), "[i]f an objection is made, the following rules apply: (i) [a]t any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection[;] (ii) [t]hese acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance." FED. R. CIV. P. 45(d)(2)(B).

As the target of a Rule 45 subpoena, John Doe Subscriber files this Objection and Motion to Quash the subpoena under Federal Rule of Civil Procedure 45(d)(3)(A), "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." FED. R. CIV. P. 45(d)(3)(A).

By making this objection, Comcast may not release John Doe Subscriber's information until the Court so orders.

## ARGUMENT AND AUTHORITIES

I. **THE SUBPOENA SHOULD BE QUASHED BECAUSE IT IS NOT SPECIFIC TO AN ACTUAL COPYRIGHT INFRINGER, BUT MERELY TO A CABLE SUBSCRIBER, AND THAT SUBSCRIBER'S PRIVACY INTERESTS OUTWEIGH ANY OTHER FACTORS THAT WOULD GRAVITATE TOWARD ORDERING THIS SUBPOENA.**

Plaintiff has filed at least seventy-two (72) similar cases in the Middle District of Florida, and over 3,000 throughout the United States, with attempts to subpoena information regarding the IP addresses of various subscribers. Plaintiff has no idea whether these lawsuits against subscribers will produce a defendant that actually infringed, as courts have frequently commented that a subscriber does not equate to being the one using the service for an improper purpose (if an improper purpose even occurred). This lawsuit and this subpoena will not reveal the copyright infringer, but only the subscriber. It is abundantly clear that, rather than seek other means to investigate its allegations, Plaintiff is attempting an expedient approach and using legal process and subpoena powers to invade privacy, confidentiality, and the personal information of individuals to fish for information. This process is well-known in Plaintiff's industry, and has become increasingly scrutinized by the Courts.

John Doe Subscriber objects because this is an attempt to invade privacy through a subpoena to disclose and release personal information, a fishing expedition that constitutes undue harassment, and is clearly prohibited by the Federal Rules of Civil Procedure. *Hofer v. Mack Trucks., Inc.*, 981 F. 2d 377, 380 (8th Cir. 1992); *Micro Motion, Inc. v. Kane Steel Co.*, 894 F. 2d 1318, 1327-28 (Fed. Cir. 1990).

This Plaintiff apparently sought early "discovery" based on a list of IP addresses allegedly associated with infringement, with no basis as to any particular subscriber. John Doe Subscriber has been caught up in a vast fishing net. This effort appears to be a mass copyright litigation where Plaintiff goes after mass numbers of ISP subscribers without regard to who actually infringed. The process is unfair, objectionable and should not be countenanced without a direct basis as to this John Doe Subscriber. As one Court has found, this process may be based on no more than a modicum of evidence, calculated to maximize settlement profits by minimizing costs and effort. *Ingenuity 13 LLC v. John Doe*, No. 2:12-cv-8333-ODW, 2013 WL 1898633 (C.D. Cal. May 6, 2013).

Courts uniformly use the *Arista Records* analysis as the appropriate general standard for determining whether a motion to quash, to preserve the objecting party's anonymity, should be granted. *See Arista Records LLC v. Doe 3, et al.,* 604 F.3d 110, 119 (2d Cir. 2010). And Courts have increasingly weighted and weighed the fifth and final "privacy interest" factor in making such a decision. The Court's current order fails to address that factor at all, instead asserting only four factors, the "final" one being "whether the information is necessary to advance the claim." [Dkt. # 9] at *4. Whether the current Order's failure to address that factor was a result of a submission of an order by Plaintiff, or simply due to the fact that the cited case therein (*Manny Film LLC v. Doe*, No 8:15-cv-507-T-36EAJ, 2015 WL 12850566, at *1 (M.D. Fla. May 18, 2015)) similarly failed to address that factor, that factor, nevertheless, has not been considered by the Court. And that factor needs to be weighed, especially in a case as here where a lawsuit is being brought for copyright infringement against an unknown subscriber, without any evidence supporting that the subscriber is at fault.

Courts are increasingly criticizing these types of cases because the pursuit of this information has serious privacy concerns, particularly in light of the nature of the films allegedly copied or distributed by unnamed IP address subscribers, and that the subpoenas are being used to coerce parties to settle these suits merely to prevent public disclosure of identifying information. *Malibu Media, LLC v. Doe*, No 15-cv-4369-AKH, 2015 WL 4092417 (S.D.N.Y., Jul. 6, 2015); *Malibu Media, LLC v. Doe*, No 15-cv-1883-KNF, 2015 WL 1780965 (S.D.N.Y., Apr. 10, 2015). More recently, Judge Royce Lamberth, a district court judge in the District of Columbia, *sua sponte* denied a nearly identical motion from the very same Plaintiff in this case, "placing great weight on defendant's privacy expectation . . . [denying] Strike 3's motion for early discovery." *Strike 3 Holdings, LLC v. Doe*, 351 F.Supp.3d 160, 164 (D.D.C. Nov. 16, 2018). John Doe Subscriber attaches that holding for the Court's benefit.

Part of the basis for that ruling, and the reason why this Court should quash this subpoena is because an IP address alone cannot create a good faith basis for revealing confidential information through a subpoena of this John Doe Subscriber. An IP address identifies only the ISP subscriber, not the person using the Internet connection at a given time. *Next Phase Distrib., Inc. v. John Does 1-27*, 284 F.R.D. 165, (S.D.N.Y. Jul. 31, 2012) ("the assumption that the person who pays for Internet access at a given location is the same individual who allegedly downloaded a single sexually explicit film is tenuous, and one that has grown more so over time") (citation omitted); *Disc.Video Ctr., Inc. v. Does 1-29*, 285 F.R.D. 161, 166 n.7 (D. Mass. Aug. 10, 2012) (John Does "become defendants on the basis of their allegedly infringing activity, not due to their status as subscribers of the IP address utilized.")

Use of Bitorrent or other software to identify IP addresses is not enough to permit wholesale access to individual names and addresses. There are many explanations for why or

5

how an IP address appears in a search, but appearance of an IP address is not sufficient to invade privacy rights or to create overbroad grounds for a subpoena. The explanation for why an IP address would appear on a list is numerous, including that the IP Address could be misidentified or misused by another person unbeknownst to subscriber. Imagine John Doe Subscriber is a business with many employees, all able to use the business' wireless for personal use; imagine further that business caters to customers and guests who also have access to that wireless.

Judge Lamberth noted a similar lack of specificity in complaints as it relates to being 'just a subscriber'—that the name requested will only provide the subscriber of the cable services, not the copyright infringer who can be sued. As ably stated by that court, "Strike 3 could not withstand a 12(b)(6) motion in this case without resorting to far more extensive machinations sufficiently establishing defendant did the infringing---examining physical evidence (at least the computers, smartphones, and tablets of anyone in the owner's house, as well as any neighbor or houseguest who shared the Internet) and perhaps interrogatories, documents requests, or depositions. **Strike 3's requested subpoena thus will not—and may never—identify a defendant who could be sued.**" *Strike 3 Holdings, LLC v. Doe*, 351 F.Supp.3d at 164 *(emphasis added)*. This point should be taken, and adopted here. Plaintiff has turned suing a subscriber, and seeking their personal information, into a discovery tool to find potentially true violators, putting the cart before the horse by suing first, then investigating.

Again, assume for the sake of argument that John Doe Subscriber is a business with open wireless for use by its multiple employees, customers, and guests. The subpoena would provide the name of the business as the John Doe subscriber, and give no detail whatsoever against the actual copyright infringer. In these cases, plaintiffs are being allowed to sue innocent subscribers for the purpose of reaching potential copyright infringers, a burden and harassment that should

6

not be borne by a subscriber with nary an iota of evidence to show the subscriber has done what is claimed.

The Lamberth court determined: "Strike 3 fails to give the Court adequate confidence this defendant actually did the infringing. Given this uncertainty, Strike 3 cannot overcome defendant's weighty privacy expectation." *Id*. For the same reasons given by that court, this subpoena should be quashed here.

"Armed with hundreds of cut-and-pasted complaints and boilerplate discovery motions, Strike 3 floods this courthouse (and others around the country) with lawsuits smacking of extortion. It treats this Court not as a citadel of justice, but as an ATM. Its feigned desire for legal process masks what it really seeks: for the Court to oversee a high-tech shakedown. This Court declines." *Id*. at 166. We request this Court to do the same.

Until Plaintiff can provide the Court with some evidence that this John Doe Subscriber participated in sharing or distribution of Plaintiff's movies, there is no basis to invade privacy to obtain John Doe Subscriber's personal, confidential information. Plaintiff even seems to concede this a fishing expedition, who, upon discovery from the ISP, will conduct additional discovery and investigation, and subsequently amend the complaint against a guilty party, if it can find one. In short, it is fishing for a guilty party, which necessarily requires the violation of an innocent subscriber's privacy by resort to a subpoena and bringing a lawsuit against that innocent subscriber.

Plaintiff should not be permitted to seek this John Doe Subscriber's personal information without clear grounds specific to this John Doe Subscriber. John Doe Subscriber objects to Comcast revealing personal information. John Doe Subscriber asks that the Court Quash the Subpoena and seeks the Court's protection from invasion of this privacy.

## II. THE SUBPOENA SHOULD BE QUASHED BECAUSE PLAINTIFF'S USE OF GEOLOCATION OR LOCATION TECHNOLOGIES TO ESTABLISH IDENTITY OF JOHN DOE FOR JURISDICTION AND VENUE IS NOT ADEQUATELY SHOWN.

Last week, District Court Judge Ursula Ungaro, of this Court's neighbor to the south, denied and ordered dismissed an almost identical subpoena and lawsuit by the exact same Plaintiff, *sua sponte*. *See Strike 3 Holdings v. John Doe*, Case# 1:19-cv-20761-UU (S.D. Fla. May 7, 2019) (**Attachment 1**). In examining Plaintiff's response to the Court's order to show cause, the Court found that "Plaintiff has not shown how this geolocation software can establish the identity of the Defendant or that he or she may be found in this district and therefore Plaintiff has not shown good cause as to why this case should not be dismissed for improper venue." With a nod to the argument above, Judge Ungaro notes that "[e]ven if the IP address were located with a residence in this district, the geolocation software cannot identify who has access to that residence's computer and who actually used it to infringe Plaintiff's copyright," (*id.* at *2) and finds that "Plaintiff has not established good cause for the Court to reasonably rely on Plaintiff's usage of geolocation to establish the identity of the Defendant," and dismissed the case for improper venue.

## III. ADDITIONAL REASONS EXIST, AS SHOWN THROUGH LITIGATION AGAINST PLAINTIFF IN OTHER FEDERAL COURTS.

**Attachment 2** provides a "Motion to Dismiss or Abate and for a More Definite Statement" in a nearly identical case involving the Plaintiff in the Western District of Washington. *Strike 3 Holdings, LLC v. John Doe*, 2:17-cv-01731-TSZ [Dkt. # 21] (W.D. Wash. Mar. 8, 2018). In that case, the John Doe subscriber's attorney, who has carefully investigated the methods and means of Plaintiff's claims, offers that the very same affiants in this case should not be held credible in any regard, and the evidence should be critically-examined and compelled

to explain itself in a more definitive statement. Further, the motion notes that Strike 3 is truly a California company, which fails to pay taxes in California, and that this case should be abated until Plaintiff conforms to California law. John Doe Subscriber's undersigned attorney has not been able to investigate to the extent of that case, but because these same issues exist here with the same Plaintiff and the same affiants, the same concerns should exist for this Court. For those additional reasons, John Doe Subscriber moves to quash the subpoena.

IV. **IN THE ALTERNATIVE, THE COURT SHOULD GRANT PSEUDONYMOUS PROTECTION AND LEAVE FOR SUBSCRIBER JOHN DOE TO FILE UNDER SEAL.**

In the event that the Court denies John Doe Subscriber's Objection and allows disclosure of its name and address, John Doe Subscriber asks the Court to seal the pleadings and motions filed in this case and permit filing under the ECF sealed records category. Justice would be served by the Court sealing the records based upon the nature and subject of the pending lawsuit.

The Court may seal records if the interests favoring nondisclosure in a particular case outweigh the presumption in favor of the public's common-law right of access to judicial records. Fed. R. Civ. P. 5.2(d); *United Sates v. Amodeo*, 44 F. 3d 141, 146-47 (2d Cir. 1995); *Nixon v. Warner Commc'ns, Inc.* 435 U.S. 589, 597-98 (1978).

Protecting the identity of the Defendant and safeguarding Defendant's identify from the public record is common in this type of case. Further, Plaintiff agreed to such protection in its Motion and the Court agreed to such a procedure in its previous Order. *See [Dkt. ## 8 and 9]*. The Court should seal the records to protect John Doe Subscriber's identity and the risk of misidentification in this case because any public interest in the case is minimal and counterbalanced by the interest in confidentiality. Public access to the court records could result in risk and harm to John Doe Subscriber during the pendency of the litigation. Accordingly,

John Doe Subscriber requests that the Court grant leave to seal the Court Records and protect the identity of John Doe.

## CONCLUSION

This case, and all 72 cases in this District involving Plaintiff should be examined more carefully and critically, especially in light of the privacy concerns and burden of John Doe subscribers defending lawsuits intended as mere investigative tools, especially in an era of wireless is everywhere. For the reason stated herein, John Doe Subscriber's motion to quash Plaintiff's subpoena should be granted, or, in the alternative, its motion to grant it pseudonymous protection and allow John Doe Subscriber to file under seal be granted.

## M.D. Fla. Local Rule 3.01 (g) Certification Requirement

Counsel for Defendant and Plaintiff conferred on **May 13, 2019** regarding the issues presented in this motion. Plaintiff objects to the relief sought.

Dated:  May 13, 2019.                                     BANKER LOPEZ GASSLER P.A.

*s/ Benjamin G. Lopez*
Adam S. Kantor, Esq.
Florida Bar No.: 157643
Benjamin G. Lopez
Florida Bar No.: 0117532
*Attorneys for John Doe Subscriber*
501 E. Kennedy Blvd.
Suite 1700
Tampa, FL 33602
813.221.1500
Primary Service: service-akantor@bankerlopez.com
Secondary Service: service-blopez@bankerlopez.com


DAVIS & KUELTHAU, SC

*s/ Dillon J. Ambrose\**
Dillon J. Ambrose
*Attorneys for John Doe Subscriber*
111 E. Kilbourn Avenue
Suite 1400
Milwaukee, WI 53202
414.276.0200

*\*Written Designation and Consent-to-Act Forthcoming pursuant to Local Rule 2.02*