UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO. 19-CV-142-SPC-MRM

STRIKE 3 HOLDINGS, LLC, a limited liability
company,

              Plaintiff,

v.

JOHN DOE subscriber assigned IP address
174.63.150.232, an individual,

              Defendant.

**SUPPLEMENTAL AUTHORITY AND ARGUMENT TO OBJECTION TO SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN CIVIL ACTION ISSUED TO COMCAST CABLE COMMUNICATIONS, INC.; MOTION TO QUASH SUBPOENA; AND, IN THE ALTERNATIVE, MOTION FOR PROTECTION AND LEAVE TO FILE UNDER SEAL**

      **COMES NOW** John Doe Subscriber assigned IP address 174.63.150.232 ("John Doe"), with non-binding, but persuasive authority to supplement its previous Objection/Motion [Dkt # 10]. (*See* **Attachment 3**, *Strike 3 Holdings, LLC v. Doe*, 2019 WL 2022452, No. 18-CV-2132 (E.D.N.Y. March 21, 2019)) (denying motion for expedited discovery in thirteen Strike 3 Holdings, LLC v. John Doe cases).

      On March 21, 2019, a magistrate judge in the Eastern District of New York, denied the very same Plaintiff Strike 3 Holdings, LLC's ("Plaintiff") motion for expedited discovery in thirteen cases, using a nuanced procedural analysis, which John Doe moves this Court to adopt. As distinguished by that federal court, and acknowledged by Plaintiff in that case, the factors applied in *Arista Records LLC v. Doe 3, et al.,* 604 F.3d 110, 119 (2d Cir. 2010), are distinguishable from the facts in this case (and in the E.D. of New York cases), in that *Arista* was

not applied under Rule 26 for expedited discovery, but under Rule 45, after already "securing judicial leave to conduct expedited discovery." *See* **Attachment 3** at 4. The *Arista* Court "had no occasion to review the propriety of the decision that the plaintiff had made the threshold showing of good cause to engage in expedited discovery." *Id.* As such, Judge Orenstein noted that the analysis should rightfully be maintained under Federal Rule of Civil Procedure 26, and its standard of "good cause" to grant expedited discovery, though noting that the *Arista* factors certainly inform that decision on whether "good cause" is met. *Id.* at 5. At this juncture, this Court has the ability to review whether Plaintiff has made a threshold showing of good cause. And there is none here.

Given the near identical nature of these cases, one can expect the near identical responses from Plaintiff. Notably, the New York federal court found legislative solutions are potentially available and have been considered to deal with this unexpected problem, and his court's charter is not to provide extraordinary relief in the absence of those solutions being pursued by appropriate legislative action:

> If courts routinely grant the kind of *ex parte* requests for expedited discovery at issue here, despite the general prohibition against such discovery and the heightened scrutiny that courts should apply to *ex parte* discovery motions, then the legislative branch will have no incentive to make the policy decision about whether such expedited discovery should generally be available despite the potential burdens to internet users.

*Id.* at 11. For the same reasons noted by that court, most especially "the certainty that such an approach will impose needless burdens on innocent individuals' counsels against a good finding of good cause to permit expedited discovery," this Court should follow suit, by finding Plaintiff's motion for expedited discovery lacks "good cause" to be granted.

3

Dated:  May 21, 2019.

BANKER LOPEZ GASSLER P.A.

*s/ Benjamin G. Lopez*
Adam S. Kantor
Benjamin G. Lopez
Attorneys for John Doe Subscriber
501 E. Kennedy Blvd.
Suite 1700
Tampa, FL 33602
813.221.1500


DAVIS & KUELTHAU, SC

*s/ Dillon J. Ambrose*
Dillon J. Ambrose
Attorneys for John Doe Subscriber
111 E. Kilbourn Avenue
Suite 1400
Milwaukee, WI 53202
414.276.0200